# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDALL MESCALL,<br>　　#1055284 | ) | |
| | ) | |
| 　　　　Plaintiff, | ) | 2:12-cv-00927-KJD-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, | ) | |
| | ) | |
| 　　　　Defendants. | ) | |

　　　　While plaintiff has now submitted a completed application to proceed *in forma pauperis*, he also submitted a handwritten document that he styled a civil rights complaint (ECF #1-1). Such document is insufficient to initiate a civil rights action in this court. The Local Rules require plaintiffs appearing in *pro se*, such as this plaintiff, to file all of their complaints and petitions on the court's approved forms. LSR 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). Accordingly, this action is dismissed without prejudice to plaintiff filing a new action, with a new case number and either the full filing fee or a completed application to proceed *in forma pauperis*, with all required financial information.

　　　　The court also observes that this handwritten document is thirty-seven pages long, names sixty-four defendants and does not appear to set forth claims in a clear, readily discernible manner (*see*

ECF #1-1). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint should be a "short and plain statement" of the claims showing that plaintiff is entitled to relief.

Finally, the court also notes that, in its preliminary review, plaintiff appears–among other claims–to challenge his underlying conviction. However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** the complaint (ECF #1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the following motions filed by plaintiff: application to proceed *in forma pauperis* (ECF #3); two motions for appointment of counsel (ECF #s4 and 6); and motion for continuance (ECF #5) are all **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** to plaintiff the approved forms for filing a civil rights lawsuits under 42 U.S.C. §1983 and an Application to Proceed *In Forma Pauperis* by a prisoner, as well as the document "Information and Instructions for Filing a Motion to Proceed *In Forma Pauperis*."

1    **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank petition for writ of *habeas corpus* form with instructions.

   **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: January 7, 2013

_____
UNITED STATES DISTRICT JUDGE